UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Barney Ray Black,  ) C/A No. 2:09-2594-DCN-RSC
  )
            Petitioner,  )
  )
vs.  )
  ) REPORT AND
Jeff Crosby, Deputy Sheriff;  ) RECOMMENDATION
Isaac M. Stone, III, Solicitor of Jasper  )
County, South Carolina,  )
  )
            Respondents.  )
  )

The petitioner, Barney Ray Black ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is a prisoner at a correctional institution in the State of Georgia. He seeks to challenge pending criminal charges in Jasper County, South Carolina, under the Interstate Agreement on Detainers Act ("IADA") or Sixth Amendment Speedy Trial Clause. The habeas petition should be dismissed for failure to state grounds on which habeas relief is available, and for failure to exhaust state court remedies.

## REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Effective Death Penalty Act of 1996. This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, see *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the petition submitted in this case is subject to dismissal.

## FACTS

Petitioner files a habeas petition pursuant to 28 U.S.C. § 2254, naming as respondents a deputy sheriff and a solicitor, which is a criminal prosecutor in South Carolina.[2] The petition alleges that Respondent Crosby, a Jasper County Sheriff's deputy, "purposefully with-held arrest warrants for 8 years," and

---

[2] The deputy sheriff and solicitor are not the appropriate respondents for a habeas action, but because this action is recommended for dismissal, allowing Petitioner to amend to name the appropriate respondent is not necessary.

2

Respondent Stone, a Solicitor of Jasper County, "refuses to send forward for prosecution." Petition at 5. Petitioner was arrested in Georgia in 2001, and is currently in a Georgia prison. At the time of his arrest, Petitioner was notified "of a 'hold' on him for pending Jasper County South Carolina charges." Petition at 6. When contacted by Petitioner, Respondent Crosby explained that an arrest warrant was pending and would be held until Petitioner was released from prison in Georgia. Petitioner alleges he "filed numerous requests and Court actions trying to resolve these South Carolina charges without success." *Id.* Petitioner claims that on September 18, 2007, he "mailed a Request for Final Disposition based on the Interstate Agreement on Detainers to all parties of interest in this action, and never received a response." *Id.* The Petition's "claims of relief" include "illegal incarceration," "denial of due process," and "violation of statute of limitation for prosecution." Petition at 7-8. The petition requests "the Court grant petitioner relief to which he may be entitled in this proceeding." Petition at 9.

## DISCUSSION

The Interstate Agreement on Detainers Act ("IADA") is a "compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). As used in the IADA,

3

a detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." *Fex v. Michigan*, 507 U.S. 43, 44 (1993). At the time of his arrest in Georgia, Petitioner was notified "of a 'hold' on him for pending Jasper County South Carolina charges." Petition at 6. Petitioner, a Georgia prisoner, claims he attempted to resolve pending South Carolina criminal charges through the IADA.[3]

Violations of the IADA brought as federal habeas claims under § 2254 are completely precluded in several federal courts.[4] The Fourth Circuit has concluded "that IADA claims do not constitute fundamental defects and are not generally cognizable under federal habeas corpus provisions absent a showing of prejudice." *Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985). The Fourth Circuit,

---

[3] The "hold" placed on Petitioner is presumed to be a detainer, but it is not clear that the State of South Carolina placed a detainer at the Georgia correctional institution with custody of Petitioner. If no detainer was placed, the IADA would not be applicable, and only Petitioner's Sixth Amendment speedy trial arguments would be viable.

[4] Several Circuit Courts preclude federal habeas review for IADA violations. *See Fasano v. Hall*, 615 F.2d 555, 558 (1st Cir. 1980)(holding violations of IADA are not fundamental defects indicating a miscarriage of justice so as to be cognizable in federal habeas proceeding); *Reilly v. Warden, FCI Petersburg*, 947 F.2d 43, 44 (2nd Cir. 1991)(holding violation of IADA not basis for federal habeas relief); *Browning v. Foltz*, 837 F.2d 276, 283 (6th cir. 1988)(holding violation of IADA does not give rise to federal habeas relief).

in reviewing claims regarding violation of the IADA applied the criteria for habeas relief established by the United States Supreme Court. *Bush v. Muncy*, 659 F.2d 402, 407 (4th Cir. 1981). In *Davis v. United States*, 417 U.S. 333 (1974), the Supreme Court held the "appropriate inquiry" to determine if habeas relief is warranted is "whether the claimed error of law is 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether it 'present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Id.* at 346 *quoting Hill v. United States*, 368 U.S. 424, 429 (1962). In applying this standard, the Fourth Circuit held that violation of Article IV(e) of the IADA "did not constitute a fundamental defect entitling a petitioner to habeas relief under section 2254." *Bush v. Muncy*, at 407. The Fourth Circuit has also held that "the violation of the 180-day time provision of Article III(a)" of the IADA "does not constitute a fundamental defect allowing for relief under § 2254." *Kerr v. Finkbeiner*, 757 at 607.

The § 2254 petition for habeas relief in this case should be dismissed. Liberally construed, the petition is brought pursuant to the IADA under Article III(a)'s requirement that the prisoner be brought to trial within 180 days after his demand for resolution of the detainer. As stated, the Fourth Circuit has found the violation of this provision of the IADA does not allow for relief under § 2254. *Kerr v. Finkbeiner*, 757 at 607. Even if the

5

petition could be construed as claiming violation of some other provision of the IADA, the petition fails to make credible assertions of prejudice as a result of any governmental failure to abide by the IADA.

The petition states three grounds for relief. First, the petition claims "illegal incarceration" based on the argument that "State of South Carolina Court Officers are refusing to prosecute pending criminal charges in an attempt to illegally extend petitioner's prison sentence." Petitioner does not explain how his current Georgia sentence could be extended by charges pending in South Carolina. Although a detainer can sometimes affect conditions of confinement, such as availability of rehabilitation, it is not apparent how a detainer can affect the length of a prisoner's sentence. Petitioner's claim of "illegal incarceration" makes no credible argument for prejudice or extraordinary circumstances dictating habeas relief. The second ground for relief, "denial of due process," contends "State of South Carolina Court officials are denying Petitioner Due Process by purposely delaying Petitioners prosecution on pending charges." The third ground claims "violation of statute of limitation for prosecution." The second and third grounds, liberally construed, appear to be based on a right to speedy trial argument. "A showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause." *Reed v. Farley*, 512 U.S. 339, 353 (1994). The

petition again fails to state what prejudice Petitioner claims he has suffered. No prejudice is suggested which could be attributable to any delay on the part of the government. The petition's claims for violation of speedy trial rights make no credible argument for prejudice or extraordinary circumstances, which would require habeas relief. The habeas petition fails to state grounds on which habeas relief can be granted.

Even if the petition could be amended to cure these deficiencies, Petitioner has not exhausted state court remedies as required before seeking federal habeas relief. The IADA has specific requirements to meet before any rights are invoked under the statute. Petitioner claims to have complied with the exhaustion requirements stated in 28 U.S.C. § 2244, which requires state court remedies be fully utilized prior to filing for federal habeas relief under § 2254. Petitioner's claim that he sent a "Request for Final Disposition based on the Interstate Agreement on Detainers to all parties of interest," however, is not sufficient to invoke a speedy trial right under the IADA, because a certificate of incarceration had to accompany the request for final disposition. S.C. Code Ann. § 17-11-10, Article III(a) (2006) ("The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner...."); See also *Gearheart v. Wallace*, 964 F.Supp. 205 (1997)(held that certificate of incarceration had to accompany prisoner's request

7

for resolution to trigger right to speedy trial under IADA, and failure of state officials to honor attempted invocation of right to speedy trial, or even inform inmate that her attempt was inadequate, did not violate inmate's constitutional rights). Thus, Petitioner did not follow the steps set out in the IADA that would properly initiate resolution of a detainer under the IADA. Not having correctly utilized the state court remedies available, Petitioner did not exhaust state remedies prior to filing for habeas relief. The petition should be dismissed without prejudice to allow Petitioner to exhaust state court remedies in relation to the Jasper County criminal charges.

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* and without requiring the respondents to file an answer.

                                                           Robert S. Carr
                                                         United States Magistrate Judge

November __16__, 2009
Chaleston, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).